UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELE WOODS

VERSUS

STATE OF LOUISIANA

CIVIL ACTION

NUMBER 07-913-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the plaintiff's Ex Parte Motion to Compel Answers and For Attorney Fees. Record document number 37. Defendant filed an opposition to the motion.[1]

Plaintiff filed this motion to compel on May 3, 2009 seeking answers and responses to interrogatories and requests for production of documents which the plaintiff had served on defendant January 19, 2009.[2] Plaintiff's discovery also included two requests for admission.

On May 15 the defendant filed a Memorandum in Opposition and stated that in response to the plaintiff's motion it had, on the same date, served its discovery responses. Defendant attached its discovery responses and asserted that the plaintiff's motion to compel is now moot.

Contrary to the defendant's assertion, a review of the

---

[1] Record document number 40.

[2] Record document number 36 (order granting plaintiff an extension of time to oppose the defendant's motion for summary judgment, and allowing plaintiff to file motion to compel on or before May 4, 2009).

discovery responses shows that the plaintiff's motion is not entirely moot.

**Requests for Admission**

In response to the requests for admission, the defendant admitted Request for Admission No. 1, but objected to Request for Admission No. 2 on the ground of relevancy. Plaintiff noted that under Rule 36(a)(3), Fed.R.Civ.P., the defendant's failure to respond to the requests within the 30 day period provided under Rule 36(a)(3) means the requests are admitted without the necessity of a motion.

Under Rule 36(a)(3), matters are admitted unless within 30 days after service of the requests or within such shorter or longer time as the court may allow, or as the parties may agree to in writing, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection signed by the party or its attorney. Rule 36(b) specifies that any matter admitted is conclusively established. This conclusive effect applies equally to admissions made affirmatively and those established by default. *American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). However, Rule 36(b) also provides that the court, on motion, may permit the admission to be withdrawn or amended. A deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b). *In re Carney*, 258 F.3d 415, 419 (5th

Cir. 2001).

The record establishes that under Rule 36(a)(3) the defendant did not timely respond to the plaintiff's requests for admission. Nor did the defendant move under Rule 36(b) for the admissions to be withdrawn or amended. Therefore, 30 days after service of the plaintiff's requests for admissions both of the requests were admitted by default.[3]  Rule 36 is self-executing. It is unnecessary to enter an order stating that the plaintiff's requests are deemed admitted.

**Interrogatories**

In its response to Interrogatory Number 1, the defendant failed to include a contact telephone number for the witnesses listed (2 through 11). Defendant also failed to provide the status of employment for Dr. Felix Ofili and Vojayendra R. Jaligam (witness numbers 2 and 11). Defendant will be required to supplement Interrogatory Number 1 with the telephone numbers for all of witnesses and the employment status of Dr. Ofili and Jaligam.

In its response to Interrogatory Number 2, the defendant did not answer the second part of the question. Defendant failed to identify all of the individuals who had input into the decision to terminate the plaintiff. Therefore, defendant will be required to

---

[3] The conclusive effect of the rule applies equally to admissions made affirmatively and those established by default. *American Automobile Association, supra.*

supplement its answer with this information.

In Interrogatory Number 4, the plaintiff asked for salary and benefit information, including any actual and planned changes in salary and benefits for her position to date. Defendant essentially did not answer the interrogatory, but merely stated that it had requested the information from the plaintiff and the LSU Health Science Center-Health Care Services Division and would promptly provide the information when it was received.

Defendant has had over three months to obtain the information necessary to answer this interrogatory. It is unacceptable for the defendant at this late date to state that the documents containing the information have been requested from another source and will be provided upon receipt. Defendant will be required to answer this interrogatory.

In Interrogatory Number 5, the plaintiff requested information about the knowledge of Earl K. Long management regarding any problems Dr. Ofili had at any prior state employment before he was hired at Earl K. Long. Defendant objected to the interrogatory on the ground of relevancy, and asserted that the question was overly broad and vague, and compliance with it would be unduly burdensome.

It is apparent that this interrogatory is vague and overly broad. Plaintiff asked for any information that Earl K. Long management may have had regarding "any problems" Dr. Ofili had at any prior state employment before he was hired at Earl K. Long.

Plaintiff's claims involving Dr. Ofili are limited to allegations of sexual harassment and/or retaliation. General information about problems he may have had in prior state jobs is clearly overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Requests for Production**

Plaintiff's Request for Production Number 2 called for the defendant to produce a copy of Dr. Ofili's personnel file including all records from prior employment and EEOC training records. In Request for Production Number 4, the plaintiff asked for copies of any complaints against Dr. Ofili, including any by Hicks.[4]

Defendant objected to both requests, asserting that the documents were not relevant to the action and were the confidential employment records of individuals who are not parties to this suit.

Defendant's objections cannot be sustained. The conduct and alleged harassment by Dr. Ofili are central to the plaintiff's claims. Defendant has made a blanket, conclusory assertion that the employment records are confidential, but did not timely move for entry of a protective order. Since the documents are relevant and the confidentiality objection is unsupported, the defendant will be required to produce Dr. Ofili's personnel file and records of any complaints against him that involve allegations of sexual

---

[4] Plaintiff's reference to Hicks is apparently an Earl K. Long employee named Beckie Hicks, who is listed as a witness in the answer to Interrogatory Number 1.

harassment or retaliation.

**Reasonable expenses**

Under Rule 37(a)(5), the plaintiff requested reasonable expenses in the amount of $562.50.  A review of the plaintiff's motion does not support an award of this amount.  Plaintiff's motion was barely one-fourth of a page, and the memorandum in support was just a brief summary of the outstanding discovery requests and events leading to the filing of the motion.  Review of the motion supports an award of $250.00.

**Conclusion**

Accordingly, the Motion to Compel filed by the plaintiff is granted in part.  Without objections and in accordance with this ruling, the defendant shall serve the plaintiff with supplemental answers and responses to Interrogatory Numbers 1, 2 and 4, and Requests for Production Numbers 2 and 4, by 5:00 p.m. on Monday, May 25, 2009.

Pursuant to Rule 37(a)(5), within ten days, the defendant is ordered to pay the plaintiff reasonable expenses in the amount of $250.00.

The remaining aspects of the plaintiff's Ex Parte Motion to Compel Answers and For Attorney Fees are denied as moot.

Baton Rouge, Louisiana, May 19, 2009.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE